Harry G. Herman, S.
In this executor’s accounting proceeding the petitioner requests a determination as to the validity and effect of article eighth of the will which provides for a disposition of the remainder of a trust of the residuary estate in favor of 11 The General Society of Mechanics and Tradesmen of the City of New York ”.
This “ Society ” is identified by the will as a society incorporated under the laws of New York on March 14, 1792, and described by the testator in his will as one in which ‘ ‘ I have always been interested ’ ’.
The testator then imposed as a condition to the bequest that the “ Society” agree to hold the same in a trust fund to be known as the “ Francis C. Elgar Trust ” and to use the income therefrom to help maintain and support a trade school for said “ Society” for the purpose of instructing young men in the various building trades. In the event that it refused to accept the fund and to establish a school for that purpose, testator directed that the fund be paid to the Madison Square Boys *674 Club of New York City provided that said fund be used to establish and maintain such a school.
The executor refused to pay the bequest to the “ Society ” and instituted the within proceeding' for a construction by reason of certain informational material issued by it stating that the “ Society ” was not a trade school since there was no shop or tool instruction.
At the hearing there was received in evidence a booklet issued by the “ Society ” which, under the caption “ Type of School ” stated that the Mechanics Institute was a free evening technical school which furnished instruction in certain specialized fields to assist men working during the day to become more proficient in their jobs. The booklet states that the “Society” is not a trade school as there are no shops or tool instruction.
Testimony was offered to establish that decedent had been a member of the “ Society ” since March, 1919; that he served on its literary committee during 1920, on the library committee from 1922 to 1933, and acted as chairman of such committee from 1931 to 1933. He also served as a member of the nominating committee from 1933 until his death in 1938, and regularly attended meetings of the committee.
The charter of the corporation discloses that its purpose, among other things, is to maintain a library and reading room for its members, mechanics, apprentices and the working class generally, and to support a school where such instruction may be given as will better enable members to maintain a livelihood and for the dissemination of literature, scientific lectures and other means of intellectual improvement. The “ Society ” deemed it inadvisable to accept the legacy by reason of the fact that the booklet stated that it did not conduct a trade school and the 61 Society ’ therefore, felt it advisable to have the court determine whether or not it was conducting a trade school within the meaning of the will of testator.
The question, therefore, is whether or not the “ Society” is conducting a trade school within the meaning of paragraph eighth of the will of testator.
A trade school has been defined as “ A public or private vocational school that trains youth and adults in the skills, technical knowledge, related industrial information, and job judgment necessary for success in one or more skilled trades, provides opportunity also for continuation of general education ”. The foregoing definition was established as that set forth in the Dictionary of Education, under a McGraw-Hill public corporation publication known as Phi Delta Kappa. Section 5001 of the Education Law defines a private trade school *675 as ‘ ‘ any plan or method used by such person or persons, firm, corporation or organization for giving instruction in any form or manner in any trade, industrial occupation or personal service occupation, for a consideration, reward or promise ”, Concededly, the “ Society ” does not fall within the definition of the Education Law since it imposes no charge for tuition.
The evidence establishes that 95% of the courses of instruction in the curriculum of the “ Society ” are designed for the building trades, and include classes for carpenters, bricklayers, metal lathers, electricians, structural steel workers, and in heating and ventilating, and that these classes are attended by tradesmen who are sent by the unions as apprentices and by employers taking on new and inexperienced men who urge them to attend Mechanics Institute to enable them to do their jobs better. There are classes for electricians and also in radio, television, communications, including telephone and electronics. Students are instructed in such mathematics as they may need for the trade including arithmetic, algebra and trigonometry.
There was also evidence that there are currently some 1,950 persons attending the school, and that the major portion of these students were sent by employers, by unions, and by relatives who had attended the school in previous years. The “ Society ” takes the position that a trade school is a school that gives instruction on skills, trade information, technical knowledge, or any other information which will improve the skill in a trade.
It further appears that the statement in the booklet, that the “ Society ” did not conduct a trade school as there was no shop or tool instruction, was designed to convey the idea that the ‘ ‘ Society ’ ’ did not conduct a trade school in that it did not have any shops; that it was not a vocational school. The terminology which was used in the booklet stating that the “ Society ” did not conduct a trade school has since been corrected since in reality the “ Society ” does teach trade subjects. There has been no substantial change in any of the courses although there have been changes to meet modern methods. But substantially the course of instruction has not been changed in the last 40 to 50 years. The applicant must be employed in a trade in order to be accepted for admission and, in the main, only employment in a building trade would render the applicant eligible. The school may, therefore, be very briefly described as a school which instructs men in the building trades.
The special guardian suggests that certain language in the will indicates that testator was aware that the “ Society” was not conducting a trade school and that his intention was to condition the bequest upon the establishment of a trade or vocational *676 school equipped with shops and providing tool instruction. This position rests upon certain inconsistencies of language in the provision for the bequest to the “ Society ” with that in the substitutionary gift in favor of the Madison Square Boys Club, Inc. The bequest to the 1 ‘ Society ’ ’ directed that the same be held in trust 1 ‘ to help maintain and support a trade school of said Society to instruct young men in the various building trades the substitutionary gift in favor of the Boys Club, however, is effective only if the “ Society will not accept said funds and establish said school for that purpose”. Thus although the bequest to the “ Society” is conditioned upon the use of the funds to help maintain and support a trade school the substitutionary gift is conditioned upon the failure of the “ Society” to accept said funds and establish said school for this purpose.
The court determines that the provision for the bequest to the “Society” upon the conditions there imposed is not superseded by the provision for the substitutionary bequest in favor of the Madison Square Boys Club.
A reading of the entire will against the background of the circumstances under which it was drawn, including the decedent’s active interest and participation in the functions of the “ Society” over a period of many years, clearly indicates a charitable intent to benefit the “Society”. The provision for the bequest in favor of the “ Society” is quite consistent Avith an intention to maintain and support a trade school for the instruction of young men in the various building trades as it Avas then being conducted and had been conducted over a period of many years. The court determines that the substitutionary provision in favor of the Madison Square Boys Club is not adequate to indicate an intention to provide for the establishment of a so-called vocational school or to provide for a shop and tool instruction as a condition for the bequest to the “ Society ”. Especially in Anew of the language employed in the provision for the bequest to the “ Society ”, greater clarity of expression in the substitutionary gift to the Boys Club Avould be required to impose upon the “ Society” a provision for a shop and for tool instruction, and conceivably for revised standards for admission and the elimination of the existing requirements of employment as a prerequisite of admission to the school, especially in view of the limited income which would be available from the trust to provide for the space, equipment and other accommodations as well as the instruction which would be necessary to establish and maintain a shop .and tool instruction.
In the sense that the “ Society ” instructs men in the building *677 trades, the ‘ ‘ Society ’ ’ is clearly a trade school, and the court determines that it was in this sense and with this intent that the testator used the phrase “ trade school ” as a condition to the payment of the legacy.
The court, accordingly, determines that the General Society of Mechanics and Tradesmen of the City of New York is the intended beneficiary of, and eligible to receive the remainder of the trust created under paragraph “ eighth ” of the will, and that upon acceptance by the “ Society ” the same shall be held by it as an endowment fund to be known as the “ Francis C. Elgar Trust ’ ’, for the purposes therein enumerated.